**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| HANGZHOU SANUOGE TRADING CO. LTD. aka FASHIONSPORT-OUTFITTERS, <br><br> *Plaintiff*, <br><br> v. <br><br> SPORTSPOWER LTD., <br><br> *Defendant*. | Civil Action No. 3:26-cv-2604 <br><br> JURY DEMAND |

## ORIGINAL COMPLAINT

Plaintiff Hangzhou Sanuoge Trading Co. Ltd. aka Fashionsport-Outfitters ("Fashionsport-Outfitters") files this complaint against Defendant Sportspower Ltd. ("Sportspower") seeking a declaratory judgment of patent non-infringement against U.S. Patent No. 7,909,738 ("the '738 Patent").

### INTRODUCTION

1.    Over the past twenty years, online retailing has revolutionized how foreign companies reach American consumers. The rise of electronic marketplaces combined with a dramatic increase in transport speed and improved logistic networks have allowed even relatively small companies to compete globally. These developments have generally increased competition and lowered prices.

2.    An increasingly popular online marketplace is the Walmart Marketplace, where each week more than 270 million estimated customers shop. The Walmart Marketplace helps e-commerce sellers reach Walmart customers to grow and increase their sales.

3.    Facing the considerable challenges of managing a growing Walmart Marketplace, Walmart established intellectual property complaint and enforcement systems. These include an

online intellectual property claim form for owners of intellectual property rights to report claims of infringements as to items listed on Walmart.com, including claims of copyright, trademark, patent, publicity and counterfeit. Walmart processes and investigates such claims and takes responsive actions, including the removal of product listings that are found to infringe the rights of a patent owner. When a patent infringement claim is made, Walmart notifies the accused seller that it must provide one of the following to continue selling: a letter of authorization, a licensing agreement, a default judgment of non-infringement, or invalidity proceedings.

4.      In sum, after Walmart receives a patent infringement claim, it may unilaterally remove the accused listings as a violation of their policies. Once this happens, accused sellers are left with limited options to appeal or overturn the removal. The result is an extra-judicial injunction that greatly harms the accused sellers with little to no chance to defend themselves on the merits of the infringement claim.

5.      It is against this backdrop that Sportspower reported to Walmart a meritless and bad faith patent infringement claim against Fashionsport-Outfitters's trampoline swing set product (Product ID: 19260766807) ("Accused Product"), specifically alleging infringement of the '738 Patent, and resulting in the delisting of the Accused Product.

## NATURE OF THE ACTION

6.      This is an action for Declaratory Judgment of patent non-infringement and invalidity arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq.* Fashionsport-Outfitters further brings a related state law claim for tortious interference.

7.    As explained in detail herein, Sportspower is asserting meritless patent infringement claims on Walmart, thereby causing significant harm to Fashionsport-Outfitters' business.

## PARTIES

8.    Fashionsport-Outfitters is a Chinese business entity with a place of business in Hangzhou, Zhejiang, China.

9.    Upon information and belief, Sportspower is a Hong Kong business entity with a place of business in Hong Kong.

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) because it arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et. seq*. Jurisdiction over the subject matter of this action is further provided under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court further has supplemental jurisdiction of the state law claim of tortious interference as part of the same case or controversy.

11.    Sportspower is subject to this Court's personal jurisdiction pursuant to the due process clause of the Constitution and/or the Texas Long Arm Statute, due at least to Sportspower's substantial business in this State and District, including: regularly conducting and soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from Texas residents.

12.    Alternatively, Sportspower is subject to this Court's personal jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2).

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(3) as Sportspower is not believed to reside in the United States and therefore may be sued in any judicial district.

## FASHIONSPORT-OUTFITTERS & THE ACCUSED PRODUCT

14.     Fashionsport-Outfitters is an outdoor sports brand focused on trampolines and backyard play equipment. The company produces round trampolines in sizes from 8-16 feet with safety enclosures, galvanized steel frames, and anti-rust features, sold primarily through Walmart, Amazon, and its own website https://www.fashionsport-outfitters.com/. Products also include heavy-duty metal swing sets with saucer swings, slides and basketball hoops for young children.

15.     Fashionsport-Outfitters believes that every family deserves safe, affordable, and exciting outdoor fun. Specializing in high-quality trampolines, Fashionsport-Outfitters design products that combine safety, durability, and performance, making backyard play both enjoyable and worry-free. Fashionsport-Outfitters emphasizes safety and durability in its designs, with specifications like 36 galvanized springs, UV-resistant jumping mats, and W-shaped legs for stability. Fashionsport-Outfitter markets itself as integrating design, production, and inspection to deliver fashionable sports products.

16.     Fashionsport-Outfitters further sells combined swing set and trampoline units, such as the Accused Products (Product ID: 19260766807), as popular outdoor recreation options for families.



17.    In the Accused Product, the trampoline swing set has a trampoline member H that has its own set of legs that are totally distinct from the support legs of the swing set D1-D4.



18.    Sportspower's ability to use the meritless Walmart infringement notice as an inequitable injunction significantly harms Fashionsport-Outfitters. In addition to the direct effects of lost sales, the delisting of products immediately results in lost product reviews and product ratings, which are all important factors in determining their listing ranking. Listing ranking is in turn important to product visibility in consumer searches.

### UNITED STATES PATENT NO. 7,909,738

19.    Based on statements made in previous litigation, Sportspower is believed to be the owner of the '738 Patent by assignment, although no assignment has ever been recorded with the United States Patent and Trademark Office.

20.    The '738 Patent is entitled "Trampoline Set" and generally discloses: "A trampoline swing has a swing assembly, a trampoline assembly and a trampoline to swing connection member connecting the horizontally oriented trampoline frame to a trampoline connection end of the swing assembly. The trampoline swing has a top bar having a pair of apexes, namely a left apex and a right apex. The left apex is at a left side of the swing assembly and the right apex is at the right

side of the swing assembly. There are four main body leg supports, namely a front left leg support, a front right leg support, a rear left leg support, and a rear right leg support. The left apex receives the front left leg support and the rear left leg support. The right apex receives the front right leg support and the rear right leg support. A plurality of swing connectors are mounted on the top bar." Exhibit A at Abstract.

21. The sole named inventor of the '738 Patent is Samuel Chen of Hong Kong. *Id.*

22. The '738 Patent was filed on April 11, 2008 with no priority claim. *Id.*

23. The '738 Patent was issued on March 22, 2011. *Id.*

24. The '738 Patent is expected to expire by its own terms on or around April 11, 2028.

25. The '738 Patent contains a total of 19 claims, of which claims 1 and 10 are independent.

26. On or around July 31, 2009, the inventor, Samuel Chen, filed an affidavit with the USPTO in support of his patent application of the '738 Patent. Therein the inventor stated that the novel feature of the '738 Patent is "a trampoline swing set with the trampoline member having an outside pair of legs and the inside legs being shared with the swing set." Exhibit B; *see* Exhibit A at Fig. 1 (shared-leg element 132).



FIG. 1

**SPORTSPOWER**

27.     Sportspower produces and distributes outdoor play products to major retails in the Unites States. Typical items include trampolines, swing sets, water slides, playhouses, and all in one play centers.

28.     On or around July 6, 2026, Sportspower, in bad faith, lodged a meritless Walmart patent infringement notice against Fashionsport-Outfitters and the Accused Products (Product ID: 19260766807).

29.     Therein, Sportspower identified the '738 Patent as the intellectual property asserted.

30.     Sportspower further identified a Mr. Clement Cheng as the claimant and provided their email as <sportspower_enforce@opsecsecurity.com>.

31.     Walmart responded by removing or delisting the Accused Products.

**CLAIM I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

32.     Fashionsport-Outfitters incorporates by reference the preceding paragraphs as though fully set forth herein.

33.     An actual, continuing, and justiciable controversy exists between Fashionsport-Outfitters and Sportspower as to the infringement of the '738 Patent by the Accused Products, as evidenced by Sportspower's allegations of infringement on Walmart, as set forth above.

34.     Pursuant to the Declaratory Judgment Act, Fashionsport-Outfitters requests a judicial determination and declaration that the Accused Product does not infringe and has not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any claims of the '738 Patent.

35.     The Accused Product does not comprise each and every element of independent claim 1 of the '738 Patent. For example, claim 1 recites in part: "a pair of connectors connected to two of the four main body leg supports of a trampoline connection end of the swing assembly." This element is not met in the Accused Product because in the Accused Product the trampoline is connected to the top bar B through connectors G and is not connected to any of the four main body leg supports D1-D4. Claim 1 expressly requires that, at the trampoline connection end, the connector be connected to two of the four main body leg supports D1–D4. In the Accused Product, the trampoline is connected to the top bar B through connectors G. After connection, the trampoline is not supported by any of the main body leg supports D1–D4. Moreover, the trampoline can be detached from the top bar B, and such detachment does not affect the normal operation of either the trampoline or the swing assembly A. Accordingly, the Accused Product does not satisfy the foregoing claim limitation and therefore does not fall within the scope of claim 1.

36.     As another example, claim 1 recites in part: "a horizontally oriented trampoline frame, supported by at least two of the four main body leg supports." This element is not met in the Accused Product because in the Accused Product the trampoline frame H is not supported by any of the four main body leg supports D1-D4.





37.     Furthermore, the Accused Product does not comprise each and every element of independent claim 10 of the '738 Patent. For example, claim 10 recites in part: "a horizontally oriented trampoline frame, supported by at least two of the four main body leg supports." This element is not met in the Accused Product because in the Accused Product the trampoline frame is not supported by any of the four main body leg supports. The trampoline frame H of the Accused Product has its own four supporting legs and does not rely on the legs D1-D4 of swing assembly A for support.



38.    Because independent claims 1 and 10 are not infringed upon, there can likewise be no infringement of any of the dependent claims 2-9 and 11-19.

39.    Therefore, Fashionsport-Outfitters requests a judicial declaration that the Accused Product does not infringe any claims of the '738 Patent.

## CLAIM II: TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONSHIP

40.    Fashionsport-Outfitters incorporates by reference the preceding paragraphs as though fully set forth herein.

41.    By lodging the meritless patent infringement claim in bad faith with knowledge that the Accused Product does not infringe based on the inventors previous and limiting statements to the USPTO during prosecution, Sportspower caused Walmart, who is and was in a contractual relationship with Fashionsport-Outfitters, to delist or remove the Accused Product in error.

42.    Sportspower knew that Fashionsport-Outfitters and Walmart had and have a contractual relationship related to the sale of the Accused Product on the Walmart Marketplace.

43.    Sportspower willfully and intentionally committed acts, namely lodging the patent infringement claim in bad faith, calculated to cause damage to Fashionsport-Outfitters in their lawful business, namely the sale of the Accused Product on the Walmart Marketplace.

44.    Sportspower had actual knowledge of the existence of the contract and of Fashionsport-Outfitters' interest in it, or knowledge of facts and circumstances that would lead a reasonable person to believe in their existence. For example, Sportspower knew that Fashionsport-Outfitters operates and sells the Accused Product via the Walmart Marketplace.

45.    Sportspower's acts were the proximate cause of the harm as Walmart removed the Accused Product in direct response to the bad faith patent infringement claim.

46.     As a result of Sportspower's actions in asserting the bad faith claim, Fashionsport-Outfitters has suffered damages in the form of lost sales, harm to business reputation, and harm to its Walmart health ranking.

47.     Fashionsport-Outfitters prays for a finding and judgment against Sportspower for tortious interference with contract and business relationship and an award of damages thereon.

**JURY DEMAND**

Fashionsport-Outfitters, under Rule 38 of the Federal Rules of Civil Procedure, demands a trial by jury of any issues so triable by right.

**PRAYER FOR RELIEF**

WHEREFORE, Fashionsport-Outfitters respectfully request that this Court enter the following in favor of Fashionsport-Outfitters:

A.  Preliminary and permanent injunctions ordering Sportspower to withdraw all Walmart infringement claims lodged against the Accused Product regarding the '738 Patent, and to refrain from lodging any further infringement claims or complaints regarding the same;

B.  A finding and declaratory judgment that the Accused Product does not infringe any claim of the '738 Patent;

C.  A finding and judgment that Sportspower tortiously interfered with Fashionsport-Outfitters' contract and business relationship with Walmart and an award of damages thereon;

D.  A finding and judgment that this case is exceptional and an award to Fashionsport-Outfitters of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285; and

E.  Such further and additional relief as the Court deems just and proper.

Dated: August 6, 2026                    Respectfully submitted,

                                         /s/ Nicholas Najera
                                         Nicholas Najera
                                         Texas Bar No.: 24127049

                                         Ni, Wang & Massand, PLLC
                                         8140 Walnut Hill Lane, Suite 615
                                         Dallas, TX 75231
                                         972-325-2220
                                         nnajera@nilawfirm.com


                                         *Counsel for Plaintiff Fashionsport-Outfitters*