**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HANGZHOU SANUOGE TRADING CO. LTD.** ***aka*** **FASHIONSPORT-OUTFITTERS,** | § | |
| ***Plaintiff*****,** | § | **Civil Action No. 3:26-CV-2604-E** |
| **v.** | § | |
| **SPORTSPOWER LTD.,** | § | |
| ***Defendants*****.** | § | |

**MEMORANDUM OPINON AND ORDER**

Before the Court is Plaintiff's Motion for a Preliminary Injunction. ECF No. 8. Having considered the applicable law and the record, Plaintiff has not clearly established a substantial threat of irreparable harm if emergency relief is denied. Accordingly, the Court **DENIES** Plaintiff's Motion for Preliminary Injunction.

## I. BACKGROUND

To protect intellectual property rights from infringement Walmart Marketplace created an internal intellectual property complaint and enforcement system.[1] When a complaint is made, Walmart investigates the claim, notifies the accused seller, may unilaterally remove the accused listing, and even potentially terminate its relationship with the accused seller.[2]

This case concerns the sale of Plaintiff's six-in-one swing set ("Accused Product"), which was sold through Walmart Marketplace.[3] Plaintiff alleges that Defendant made a meritless, bad-faith patent-infringement complaint to Walmart, resulting in the Accused Product's delisting

[1] Pl.'s Compl. 1, ECF No. 1.
[2] *Id.* at 2.
[3] Pl.'s Mot. for Prelim. Inj. 2, ECF No. 8.

from the platform.[4] Plaintiff contends that the delisting has caused irreparable harm beyond lost sales, including loss of customer goodwill, damage to market reputation, and loss of market share.[5]

## II. LEGAL STANDARD

Federal Rule 65 authorizes injunctive relief. FED. R. CIV. P. 65(a)–(b). The decision to grant or deny injunctive relief is committed to the district court's discretion. *Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985). To establish entitlement to injunctive relief, the movant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the balance of hardships weighs in its favor; and (4) that the issuance of the preliminary injunction will not disserve the public interest. *Daniels Health Servs., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013). As the movant, it is the party seeking relief who bears the burden of proving the four elements of the requested injunctive relief. *Nichols v. Alcatel USA, Inc*., 532 F.3d 364, 372 (5th Cir. 2008). All four elements must be met. *Miss. Power & Light Co.*, 760 F.2d at 621.

"A mandatory preliminary injunction, as opposed to a prohibitory injunction, seeks to alter the status quo prior to litigation rather than maintain it." *Tex. v. Ysleta Del Sur Pueblo*, EP-17-CV-179-PRM, 2018 WL 1566866, at *9 (W.D. Tex. Mar. 29, 2018). A party seeking "a mandatory injunction . . . bears the burden of showing a clear entitlement to the relief under the facts and the law." *Justin Indus., Inc. v. Choctaw Secs., L.P.*, 920 F.2d 262, 268 n.7 (5th Cir. 1990).

---

[4] Pl.'s Compl. 2, ECF No. 1.
[5] Pl.'s Mot. for Prelim. Inj. 12–14, ECF No. 8.

## III. ANALYSIS

The court focuses on irreparable harm because that element is dispositive. Because Plaintiff must satisfy all four requirements for a preliminary injunction, its failure to establish irreparable harm is sufficient to deny the motion. *See Miss. Power & Light Co.*, 760 F.2d at 621.

In the Fifth Circuit, it is "well-established" that a harm is considered "irreparable only 'if it cannot be undone through monetary remedies.'" *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) (quoting *Interox Am. v. PPG Indus., Inc.*, 736 F.2d 194, 202 (5th Cir. 1984)). A court may issue injunctive relief "to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Miss. Power & Light Co*., 760 F.2d at 627. Irreparable harm exists if "the injury is imminent" and "money damages would not fully repair the harm." *Humana, Inc. v. Avram A. Jacobson, M.D., P.A.*, 804 F.2d 1390, 1394 (5th Cir. 1986). Mere speculation of threatened harm is insufficient to demonstrate the requisite injury. *See Janvey v. Alguire*, 647 F.3d 585, 601 (5th Cir. 2011).

Plaintiff asserts that the delisting of the Accused Product has caused harms beyond its lost sales, including loss of customer goodwill, damage to market reputation, and loss of market share.[6] But Defendant contends that Plaintiff has failed to satisfy the irreparable harm requirement because Plaintiff quantifies its alleged harm with compensable loss and the remaining claims rest of speculation.[7] Based on the evidence presented, the Court finds that Plaintiff fails to present more than mere speculation that its alleged harms are irreparable. *See Janvey*, 647 F.3d at 601.

The only non-speculative evidence Plaintiff presents regarding potential harm is monetary in nature stemming from lost sales, monthly storage, and removal fees.[8] Such losses are

---

[6] Pl.'s Mot. for Prelim. Inj. 12–14, ECF No. 8.
[7] Def.'s Resp. 9–10, ECF No. 12.
[8] *See* Pl.'s Mot. for Prelim. Inj. 2–3, ECF No. 8.

compensable through money damages and do not constitute irreparable harm. Plaintiff's remaining allegations are speculative and conclusory at best.

First, Plaintiff contends that the delisting will damage its market reputation because of the damage done to its relationship with Walmart.[9] Specifically, Plaintiff suggests that Walmart "may" remove other listings or end the relationship with Plaintiff.[10] But Plaintiff offers no evidence that either event is likely to occur or that any resulting harm could not be remedied through monetary damages. These allegations therefore do not establish imminent, irreparable harm.

Second, Plaintiff claims its delisting will cause it to lose customer goodwill built up over time.[11] However, not every business case can request a preliminary injunction based on loss of goodwill and only exceptional cases should be awarded a preliminary injunction as such—and this is not one of those cases.

The Fifth Circuit has held that a relatively new business's loss of good will "is usually compensable in money damages." *DFW Metro Line Servs. v. Sw. Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990). Furthermore, "losing customers and goodwill without showing that monetary damages are an inadequate remedy is insufficient to establish irreparable harm." *Sun Water Sys., Inc. v. Vitasalus, Inc.*, No. CIV.A. 4:05-CV-574-Y, 2007 WL 820280, at *6 (N.D. Tex. Mar. 8, 2007) (citation omitted). This principle holds true even if "the pecuniary injury [is] difficult to calculate." *Id.* (quoting *Millennium Rests. Group, Inc. v. City of Dall.*, 181 F.Supp.2d 659, 666 (N.D. Tex. 2001)) (alteration in original).

Here, Plaintiff only sold the Accused Product through Walmart for four months and described it as a "newly listed product," but argues that the delisting and lack of future positive

---

[9] *See id.* at 12–13.
[10] Pl.'s App'x in Support of Pl.'s Mot. for Prelim. Inj. 13, ECF No. 8-1.
[11] *See* Pl.'s Mot. for Prelim. Inj. 13, ECF No. 8.

reviews constitutes an irreparable injury.[12] Furthermore, Plaintiff does not allege the age of its business, although Defendant alleged it was registered in July 2025, which Plaintiff does not contest.[13] So, Plaintiff is a new business with a self-described "newly listed product."[14] But Plaintiff fails to show that these potential losses cannot be remedied through monetary damages. *See Sun Water Sys., Inc.*, 2007 WL 820280, at *6. Under these circumstances, the alleged loss of goodwill does not constitute irreparable harm that money cannot fix. *See DFW Metro Line Servs.*, 901 F.2d at 1269.

Third, Plaintiff contends that it will suffer irreparable harm from lost market share because Defendant is a direct competitor.[15] "Loss of market share and price erosion do not constitute irreparable harm." *Merial Ltd. v. Virbac S.A.*, No. 4:10-CV-181-Y, 2010 WL 11534388, at *2 (N.D. Tex. July 6, 2010) (citing *Nutrition 21 v. United States*, 930 F.2d 867, 871 (Fed. Cir. 1991)). Plaintiff offers conclusory and hypothetical assertions that Defendant may gain market share because of the Accused Product's delisting.[16] However, even if Defendant ultimately captures some of Plaintiff's market share, Plaintiff has not shown that the resulting harm would be irreparable. For example, evidence of increased profits from Defendant's Walmart Marketplace sales following Plaintiff's delisting could potentially support a damages award. Accordingly, Plaintiff has failed to establish a substantial threat of irreparable harm.

---

[12] *Id.* at 13–14.
[13] Def.'s Resp. 9, ECF No. 12.
[14] Pl.'s Mot. for Prelim. Inj. 13–14, ECF No. 8.
[15] *Id.* at 13–14.
[16] *Id.*

## IV. CONCLUSION

Accordingly, because Plaintiff failed to establish it will suffer a substantial threat of irreparable harm, the Court **DENIES** Plaintiff's preliminary injunction motion.

**SO ORDERED** on this 29th day of September, 2026.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE